IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE DIERS,<br><br>                  Plaintiff,<br><br>vs.<br><br>ECONOMY PREMIER ASSURANCE COMPANY,<br><br>                  Defendant. | 8:20CV144<br><br>FINDINGS AND RECOMMENDATION AND ORDER |

      This matter is before the Court on Plaintiff's Motion to Remand. (Filing No. 9.) For the reasons explained below, the undersigned will recommend that the motion be denied.

## BACKGROUND

      This action arises out an insurance coverage dispute. On January 15, 2020, Plaintiff filed suit in the District Court of Dodge County, Nebraska, naming "MetLife Auto & Home" as defendant. (Filing No. 1-1.) On that date, Plaintiff filed a Praecipe for Summons for service upon MetLife Auto & Home. (Filing No. 1-2.) Plaintiff represents that MetLife Auto & Home was served with process by certified mail on or about January 24, 2020. (Filing No. 12.) A return of service upon MetLife Auto & Home is not part of the state court record. The state court documents do, however, include a "Service of Process Transmittal" from CT Corporation dated January 24, 2020. (Filing No. 1-4.) This document indicates service was addressed to "MetLife Auto & Home" at 700 Quaker Lane, in Warwick, Rhode Island, for service upon "MetLife Auto & Home Insurance Agency, Inc." (Filing No. 1-4.) Plaintiff represents that CT Corporation is the registered agent for MetLife Auto & Home Insurance Agency, Inc. (Filing No. 11.) Defendant Economy Premier Assurance Company ("EPAC") admits MetLife Auto & Home Insurance Agency, Inc. was served by certified mail on or about January 24, 2020. (Filing No. 14.)

      Prior to filing suit, Plaintiff corresponded with a claim adjuster from EPAC, an Illinois corporation, regarding his insurance claim. (Filing No. 15-2.) Plaintiff's attorney also corresponded with a claim adjuster from EPAC on Plaintiff's behalf. (Filing No. 15-2.) The letterhead of the correspondence from the claim adjuster stated "MetLife Auto & Home" and indicated MetLife Auto & Home's address was Scranton, Pennsylvania. (Filing No. 11.)

However, the claim adjuster's signature block indicated he worked for EPAC. (Filing No. 11.) A check for payment issued to Plaintiff before suit was filed indicated it was from "MetLife Auto & Home," as well as EPAC. (Filing No. 11.) Also, the cover letter that accompanied the check listed a website and informed Plaintiff he could access his "MetLife Auto & Home" policy on that website. (Filing No. 11.)

On February 5, 2020, counsel for EPAC emailed Plaintiff's counsel and advised that EPAC was the issuing company of the insurance policy in question, not MetLife Auto & Home. (Filing No. 15-1.) On February 13, 2020, EPAC's counsel sent Plaintiff's attorney a copy of the insurance policy which states "MetLife Auto & Home" at the top. (Filing No. 11; Filing No. 15-1.) The policy also notes: "MetLife Auto & Home is a brand of Metropolitan Property & Casualty Insurance Company and its Affiliates. Warwick, RI." (Filing No. 11.) The policy lists EPAC as the insurance company. (Filing No. 11.)

EPAC is an indirect subsidiary of Metropolitan Property & Casualty Insurance Company. (Filing No. 15-2.) "MetLife Auto & Home" is a brand, service mark, and trademark of Metropolitan Property & Casualty Insurance Company. (Filing No. 15-2.) MetLife Auto & Home Insurance Agency, Inc., domiciled in Rhode Island, is an independent agency and wholly owned subsidiary of Metropolitan Property & Casualty Insurance Company. (Filing No. 15-2.) MetLife Auto & Home Insurance Agency, Inc. does not conduct business as "MetLife Auto & Home" or EPAC. (Filing No. 15-2.)

On March 16, 2020, Plaintiff filed a motion to change the name of the defendant to "Economy Premier Assurance Company d/b/a/ MetLife Auto & Home." (Filing No. 1.) The motion was granted by the state court on March 17, 2020. (Filing No. 1.) Plaintiff filed an Amended Complaint on March 17, 2020, identifying the defendant as "Economy Premier Assurance Company d/b/a MetLife Auto & Home." (Filing No. 1.) EPCA filed a Notice of Removal on April 16, 2020. (Filing No. 1.) EPAC filed its Answer to Amended Complaint on April 21, 2020. (Filing No. 5.) Plaintiff filed his Motion to Remand on May 4, 2020. (Filing No. 9.)

**DISCUSSION**

Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. The notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

Plaintiff does not dispute this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), but instead argues remand is warranted because removal was untimely. Plaintiff contends MetLife Auto & Home and EPAC are the same entity and, therefore, service of the Complaint on January 24, 2020 triggered the thirty-day time period for removal. EPAC disputes that it is the same entity as MetLife Auto & Home and argues the thirty-day period for removal has not been triggered because EPAC has not been properly served. EPAC also notes that MetLife Auto & Home has not been served with process. Rather, service was made upon MetLife Auto & Home Insurance Agency, Inc.

In analyzing §1446(b), the United States Supreme Court has found that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). *See also Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) (stating the "thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint"). The question presented here is whether EPAC is bound by the thirty-day time limit for removal by virtue of the filing of a complaint naming MetLife Auto & Home as defendant and service of that complaint upon MetLife Auto & Home Insurance Agency, Inc. The undersigned concludes that it is not.

This case is factually similar to *Fenwick v. Nationwide Mutual Insurance Company*, No. 2:09-CV-572 TS, 2009 WL 3246757, at *2 (D. Utah. Oct. 6, 2009). In *Fenwick*, the plaintiff filed a breach of contract claim to recover uninsured motorist benefits, but did not name her insurer, Nationwide Mutual Insurance Company, as a party. The plaintiff served process on "Allied Property and Casualty Insurance Company" and "Nationwide Insurance" through their designated

3

agent. Allied Insurance and Nationwide Insurance were trade names of Nationwide Mutual Insurance Company, not distinct corporate entities. An attorney from Nationwide Mutual Insurance Company contacted the plaintiff's attorney and informed the plaintiff that the correct name of the insurer was Nationwide Mutual Insurance Company. The plaintiff then filed an amended complaint. Nationwide Mutual Insurance Company removed the case to federal court within thirty days of being named in the amended complaint. The plaintiff filed a motion to remand, arguing removal was untimely because the notice of removal was filed fifty-seven days after the defendants named in the original complaint were served. The court disagreed that removal was untimely, finding that Nationwide Mutual Insurance Company's time to remove did not begin to run until it was named a proper party and served.

Moreover, a court from within this circuit has concluded that the time for removal does not commence until an entity becomes a named party to the case, even if that entity has knowledge of the suit. In *Millentree v. TENT Restaurant Operations, Inc.*, No. 08-0394-CV-W-ODS, 2008 WL 4559879 (W.D. Mo. Oct. 8, 2008), the plaintiff filed suit naming "Fox and Hound" as the defendant. In its answer, Fox and Hound claimed as an affirmative defense that the plaintiff sued the wrong party in interest because Fox and Hound had merged into Bailey's Sports Grille, Inc., which had later changed its name to TENT Restaurant Operations, Inc. The plaintiff then sought leave to amend its complaint to name TENT as the defendant and the motion was granted. TENT then removed the case to federal court. The plaintiff filed a motion to remand, arguing removal was untimely because TENT first ascertained the case was removable when Fox and Hound alleged an affirmative defense in its answer that the real party in interest was TENT. TENT argued that removal was timely because the thirty-day period started when the plaintiff amended the petition to name TENT as the defendant. The court denied the motion, finding that the thirty-day removal period began when the motion to amend was granted and TENT was named as a party, not when TENT "ascertained that the case might be removable *if* [the plaintiff] filed a Motion to Amend and the court granted it." *Id*. at *2 (emphasis in original).

Here, Plaintiff's original complaint named MetLife Auto & Home as the defendant, even though, as previously noted, the insurance policy identified EPAC as the insurer and Plaintiff and his counsel had corresponded with individuals from EPAC regarding Plaintiff's claim. MetLife Auto & Home is a brand, service mark, and trademark of Metropolitan Property & Casualty

4

Insurance Company, whereas EPAC is a corporate, indirect subsidiary of Metropolitan. Even though EPAC had knowledge of this suit, this knowledge alone did not trigger the thirty-day removal period as EPAC was not a party. See Millentree, 2008 WL 4559879, at *2. "Defendant was not obligated to engage in the action until properly brought under this Court's jurisdiction." Fenwick, 2009 WL 3246757, at *3. EPAC's time to remove did not begin to run until it was named as a party and served.[1]

Further, even if MetLife Auto & Home and EPAC are considered a single entity, it is unclear whether MetLife Auto & Home has actually been served with process. A return of service is not included in the record and the Service of Process Transmittal indicates it was for service upon MetLife Auto & Home Insurance Agency, Inc., not MetLife Auto & Home. MetLife Auto & Home Insurance Agency, Inc., which is domiciled in Rhode Island, is an independent agency and does not conduct business as MetLife Auto & Home or EPAC. Service upon MetLife Auto & Home Insurance Agency, Inc. does not constitute service upon EPAC, as they are distinct entities.

To date, EPAC has not been served with process. Despite lack of service, EPAC filed its notice of removal within thirty days of the filing of the Amended Complaint. Therefore, removal was timely and the Motion to Remand will be denied.[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Joseph F. Bataillon that Plaintiff's Motion to Remand (Filing No. 9) be denied.

**IT IS HEREBY ORDERED** that the parties shall submit their Rule 26(f) Report by July 28, 2020. Mandatory disclosures shall be served by July 28, 2020.

---

[1] In Nebraska, a corporation "may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office." Neb. Rev. Stat. § 25-509.01.

[2] Plaintiff also requests an award of attorneys' fees under 28 U.S.C. § 1447(c). Because the Court denies his motion to remand, it also denies his request for fees.

5

Dated this 14th day of July, 2020.

                                BY THE COURT:

                                s/ Susan M. Bazis
                                United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.