IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE DIERS,<br><br>           Plaintiff,<br><br>vs.<br><br>ECONOMY PREMIER ASSURANCE COMPANY,<br><br>           Defendant. | 8:20CV144<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on cross motions for summary judgment filed by Charlie Diers (hereinafter "Plaintiff") and Economy Premier Assurance Company (hereinafter "Defendant"). Filing No. 74, Motion for Partial Summary Judgement; Filing No. 77; Motion for Summary Judgement. This Court has reviewed the briefs in opposition and support of these motions as well as the evidence. Filing Nos. 75, 76, 78, 81, 82, 83, 84, 85, 86, 87. For the below reasons, this Court finds as follows.

I.   BACKROUND

The parties agree that the following facts are undisputed.[1]  On October 31, 2015, Defendant issued a homeowner's insurance policy to Plaintiff.  The policy included property coverage for Plaintiff's residence located at 2710 East 16th St. Fremont, Nebraska.

---

[1] *See* Filing No. 78, Defendant's Brief in Support of Motion for Summary Judgement; Filing No. 82, Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgement; Filing No. 87, Reply Brief in Support of Defendant's Motion for Summary Judgement.

1

On June 18, 2016, Plaintiff's property was damaged due to flooding. On June 21, 2016, Plaintiff filed a notice of loss to Defendant regarding the flood-related damage. On July 1, 2016, an adjuster inspected the Property. On July 12, 2016, Plaintiff was notified that Defendant would be issuing payment in the amount of $18,622.91, which represented the replacement cost value of Plaintiff's damages, less the deductible. In this letter, Plaintiff was instructed to provide a copy of the letter to the contractor and notify Defendant if the contractor found the amount to be insufficient. Plaintiff was also advised that if he proceeded with work exceeding the amount issued, Defendant may decline further requests for additional payment. On July 26, 2016, Plaintiff notified Defendant that an environmental mitigation vendor was assessing the property for mold. On August 17, 2016, Plaintiff's agent contacted Defendant with questions regarding the supplement process. On September 9, 2016, Plaintiff contacted Defendant and indicated that a supplement might be necessary. At no point during these communications did Plaintiff submit a supplement claim. Plaintiff did not make further contact with Defendant until July 16, 2019, three years after the initial damage to the property and after the repairs were complete. At this point, Plaintiff notified Defendant that he had a supplement for repairs totaling $174,000.

On January 15, 2020, Plaintiff filed the instant litigation. On August 20, 2021, Plaintiff filed a Motion for Partial Summary Judgment and Defendant filed a Motion for Summary Judgement. Filing No. 74, Plaintiff's Motion for Partial Summary Judgment; Filing No. 77, Defendant's Motion for Summary Judgment.

2

II.  STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Summary judgment is appropriate [*6] when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint*, 736 F.3d 1134, 1136 (8th Cir. 2013). "Summary judgment is not disfavored and is designed for 'very action.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). In reviewing a motion for summary judgment, the court will view "all evidence and mak[e] all reasonable inferences in the light most favorable to the nonmoving party." *Inechien v. Nichols Aluminum, LLC*, 728 F.3d 816, 819 (8th Cir. 2013). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Torgerson*, 643 F.3d at 1042; and see *Briscoe v. Cty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012) (stating that the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'").

Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 325 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159 (1970)). Instead, "the burden on the

3

moving party may be discharged by 'showing' [*7] . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)); *see also Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (stating "[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment) (quoting *Anderson*, 477 U.S. at 247–48). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

III. DISCUSSION

Under Nebraska law, an insurance policy constitutes a contract, and thus, its interpretation is a question of law. *Am. Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435 (2002). If the terms of the policy are clear, there is no room for rules of construction, and the intent of the parties is determined from the contract itself. *Id.*

The policy in this case provides that, in the case of damage to the plaintiff's property, Defendant would pay the cost to repair or replace it. The policy further provides the following:

> If the cost to repair or replace [Plaintiff's] home . . . is more than $1,000, [Defendant will] not pay more than the actual cash value until the repair or

> replacement is completed. However, you may file a claim with us on an actual cash value basis and make a claim within two years from the date of loss for any additional amount due because of completed repair or replacement. We may extend this period in writing.

Filing No. 79-1, at 46.

Defendant argues that the plain language of the policy unambiguously "provides coverage for claims for additional amounts that are made within two years from the date of loss." Filing No. 78, Defendant's Motion for Summary Judgement at 12. Plaintiff argues that the provision Defendant refers sets forth Defendant's promise to pay Plaintiff for additional damages after a payment is issued on an actual cash value basis, not after payment on a replacement or repair basis. Filing No. 74, Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgement at 3–4. At the very least, Plaintiff argues, this is an ambiguous provision because it does not explicitly state that the two-year deadline also applies when a replacement or repair payment is issued. Id.

While it is true that the relevant provision states that Plaintiff may submit supplemental claims after an actual cash value payment is issued, a reasonable person would not have interpreted this deadline as distinct from the deadline for submitting a supplemental claim after receiving payment on a replacement or repair basis. This is particularly true, considering the multiple times that Defendant advised Plaintiff that he must submit a supplemental claim if the property required additional repairs. Plaintiff did not timely submit a supplemental claim and thus is not entitled to payment for the additional repairs.[2] The contract language clearly sets forth a time limit for submitting a

---

[2] Plaintiff argues that the four-year statute of limitations is the boundary upon which he should be able to file his claim. However, plaintiff offers no support for this argument, and the Court finds that such requirements by an insurance carrier must be complied with regardless of the statute of limitations. See, "A statute of limitations is a law declaring that no suit shall be maintained on certain described causes of action unless brought within a specified period of time after the right accrued." Intervision Sys. Techs., Inc. v. InterCall, Inc., 23 Neb. App. 360, 366 (2015). The language of Neb. Rev. Stat. Ann. § 44-357 (West)

claim for actual damages, which is two years from the date of the loss. The loss is the date the property was damaged. If the plaintiff was not aware of the actual amount of the loss, the policy clearly provides for an extension of this period, if provided in writing. There is no evidence of a written extension. Therefore, this Court finds in favor of the Defendant on this motion, as a matter of law.[3]

IT IS ORDERED that:

1. The defendant's Motion for Summary Judgment (Filing No. 77) is granted.
2. The plaintiff's Motion for Partial Summary Judgment (Filing No. 74) is denied.
3. This action is dismissed with prejudice.

Dated this 10th of January, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

concerns policy provisions that set the time period within which a lawsuit must be filed. The provisions at issue concern the time period that the insured has to "file a claim with [EPAC] . . . for any additional amount due."

[3] The Court likewise finds that all other issues raised by the plaintiff are without merit and need not be further discussed.